# 99 DTA 142

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE CAROLINA-FAJARDO

SUCN. DE ADA L. GUZMAN COMPUESTA POR WANDA I. TORRES GUZMAN; CARMELO TORRES GUZMAN POR SI Y EN REPRESENTACION DE LA SOCIEDAD DE BIENES GANANCIALES UNA VEZ COMPUESTA POR ADA L. GUZMAN Y CARMELO TORRES GUZMAN
Recurridos

v.

HOGAR CREA, INC.
Peticionario

Núm. KLCE-99-00238

San Juan, Puerto Rico, a 5 de mayo de 1999

Panel integrado por su Presidente, Juez Miranda De Hostos
y los Jueces Rivera Pérez y Rodríguez García

Miranda De Hostos, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La peticionaria Hogar Crea Inc. (Hogar Crea), interesa que revoquemos una resolución del Tribunal de Primera Instancia, Sala Superior de Carolina, que le anotó la rebeldía en su contra, en cuanto a la causa de acción instada bajo el procedimiento sumario de despido injustificado y ordenó que las demás reclamaciones, sin aclarar cuáles, siguieran la vía ordinaria.

Atendida la petición, resolvemos expedir el auto solicitado, revocar la resolución recurrida y ordenar la tramitación de todas las causas por la vía ordinaria por los siguientes fundamentos.

### I

Los hechos que dan lugar al presente recurso, sin pasar juicio sobre los mismos, se relatan a continuación.

El 10 de diciembre de 1998, los recurridos miembros de la Sucesión de Ada L. Guzmán, presentaron demanda ante el tribunal recurrido haciendo reclamos por tres causas de acción. En la primera, se reclamaba indemnización por despido injustificado, bajo la Ley Núm. 80 del 30 de mayo de 1976, 29 L.P.R.A. sec. 185(a), *et seq.*; en la segunda, por discrimen en el empleo, Ley Núm. 115 del 20 de diciembre de 1991, 29 L.P.R.A. sec. 194 (a), *et seq.*; y en la tercera, en daños y perjuicios alegando que el fallecimiento de la causante se debió a las acciones negligentes al notificarle su despido, Art. 1803, Código Civil, 31 L.P.R.A. sec. 5142. Se alegó que las reclamaciones se hacían bajo el procedimiento sumario de la Ley Núm. 2 de 17 de octubre de 1961, 32 L.P.R.A. sec. 3118, *et seq.*

La peticionaria, Hogar Crea, presentó una moción en la que solicitaba al tribunal que le concediera un término adicional para contestar la demanda, lo cual fue concedido. Luego los recurridos solicitaron del tribunal de instancia que le anotara la rebeldía y el 11 de febrero, se le anotó la rebeldía a Hogar Crea en cuanto a la reclamación bajo la Ley Núm. 2, *supra*, pero sin definir cuáles causas.

El peticionario presentó una moción solicitándole al tribunal de instancia que aclarara la orden dictada el 11 de febrero, para conocer con certeza con relación a cuál de las tres causas de acción se le había anotado la rebeldía.

El tribunal de instancia no se expresó sobre el particular, por lo que oportunamente, Hogar Crea acude ante nos.

### II

Analicemos el derecho aplicable a la controversia ante nuestra consideración.

**188**

Debemos comenzar por advertir, que nuestro más alto foro resolvió que a partir del 19 de febrero de 1999, el Tribunal de Circuito de Apelaciones se debe de abstener de intervenir en dictámenes interlocutorios sobre controversias de la Ley Núm. 2, *supra*, excepto en aquellos casos que se alegue falta de jurisdicción o aquellos casos en que la justicia así lo requiera. *Rafael Dávila v. Antilles Shipping Inc.*, opinión de 12 de febrero de 1999, **99 J.T.S. 10**, pág. 540.

En cuanto a reclamaciones laborales que se presenten bajo el procedimiento sumario en conjunto con otras bajo el ordinario, los tribunales en el ejercicio de su discreción y a la luz de las circunstancias particulares de cada caso, pueden disponer si las mismas se ventilarán bajo la vía sumaria u ordinaria. Todo depende si hay partes múltiples, la complejidad de las controversias presentadas y que se cumpla con los principios de que se resuelva de la manera más rápida, justa y económica posible en beneficio del empleado. Además, el procedimiento sumario va dirigido entre otros aspectos, a proveerle al empleado un mecanismo procesal que aligere su reclamación, que le provea los medios económicos para su subsistencia mientras consigue un nuevo empleo y como disuasivo para evitar los despidos sin justa causa. *Piñero González v. A.A.A.*, opinión de 23 de octubre de 1998, **98 J.T.S. 140**, págs. 213-215; *Rivera v. Insular Wire Prod. Corp.*, opinión de 24 de mayo de 1996, **96 J.T.S. 76**, pág. 1173. (Casos citados.)

### III

Apliquemos el derecho discutido a los hechos del presente caso.

Las tres causas de acción que se presentan por la sucesión de la empleada fallecida, están vinculadas por la alegación común sobre despido injustificado de ésta. Por lo cual, no estamos ante un caso donde un empleado que ha sido despedido, necesita que el trámite sea sumario por razón de haber perdido su sustento. De otra parte, las reclamaciones dependen de que se adjudique la controversia principal de despido injustificado para poder sustentar las otras alegaciones y reclamar los remedios y daños correspondientes.

El permitir que se adjudique de manera sumaria la causa de despido injustificado, inclusive por discrimen, ya que el tribunal no aclaró su dictamen, para luego continuar el proceso sobre las demás causas por la vía ordinaria, constituye un fraccionamiento que provocaría mayor dilación y gastos para todas las partes. Ante tales circunstancias, concluimos que incidió el foro recurrido al emitir su dictamen.

Considerando que el Hogar Crea solicitó en tiempo una prórroga bajo el trámite ordinario para contestar la demanda, la cual le fue concedida y oportunamente presentó la misma, procede que se deje sin efecto la anotación de rebeldía.

### IV

Por los anteriores fundamentos, se expide el auto solicitado, se deja sin efecto la resolución que le anotaba la rebeldía al peticionario y se devuelve el caso al tribunal de instancia, para que una vez levantada la anotación de rebeldía, continúen los procedimientos de manera ordinaria en cuanto a todas las causas, conforme lo resuelto en esta sentencia.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General